[No. 1816.]
EBBINGER v. WIGHTMAN.

1. PLEADING—PRACTICE—ACTION AGAINST EXECUTOR DE SON TORT.
A complaint which alleged that defendant was an executor *de son tort* of the estate of deceased; that as executor he had, without authority, taken possession of deceased's property consisting of a large sum of money, a house and lot and personal property; that deceased, being an invalid, employed plaintiff to care for him, for which he promised to pay plaintiff a certain sum and that he died without

paying him; that plaintiff had demanded payment of defendant which was refused, states a cause of action good as against a general demurrer.

*Appeal from the District Court of Chaffee County.*

Mr. A. L. TAYLOR, for appellant.

No appearance for appellee.

BISSELL, P. J.

The court is considerably embarrassed by the paucity of the record, the absence of an argument for the appellee and the very scanty brief which the appellant has furnished. We have examined the text books and what authorities the appellant cited, and have reached a conclusion about the merits of this controversy. We refer to the matter in this way because this is a very novel action and probably the first that has ever been brought in the state, and certainly the first which has ever reached an appellate court. The reports of the country are likewise somewhat barren of precedents, and as a rule the books contain no forms for bringing an action of this sort. Continuing, however, we will state that this is a suit brought by a creditor against an executor *de son tort.* It is an ancient action, was long in vogue and somewhat resorted to in the early days before the probate system was thoroughly established, and in the older reports and text books we are able to find some precedents. Save where the matter is corrected by statute the law seems to be in force pretty generally in this country. A good many questions might arise in this case, but whether they will or not we do not know, and we do not care to decide them in advance. We can only suggest that there is a very wide difference between the responsibility of one who intermeddles with the goods of a decedent after an executor has been lawfully appointed, and one who intermeddles prior to an appointment. There also seems to be some distinction between those cases where the creditor

brings a suit against an executor *de son tort*, and it appears
that at a time prior to the bringing of the action a lawful ad-
ministrator had been appointed to whom the right of action
might under some circumstances accrue.   The responsibility
of such an executor is somewhat dependent on the defense
which he puts in.   These suggestions are simply thrown out
in order to show the difficulties under which the court la-
bored in trying to reach a conclusion about this judgment.
The complaint was very inartificial; it was not well drafted,
it lacked a good many allegations that would make the plead-
ing complete as a plea, and yet we are able to see in it the
statement of a cause of action.   The books all say that the
suit is to be brought against the intermeddler precisely as
though he had been lawfully appointed.   He is simply charged
in the complaint with taking the goods of the deceased, and
failing to apply them to the settlement of the estate and the
payment of debts.   The whole theory is that there was a will
in which he was presumably named, but that he had failed to
probate it.   This fiction seems long since to have been lost
sight of, and under the practice as it now prevails the creditor
of the decedent brings his action against the executor, alleges
his intermeddling without a lawful appointment and the pos-
session of the goods of the deceased, states his cause of action
and prays judgment.   All of this the plaintiff did here, ex-
cept that he only said that the defendant was an executor *de
son tort* of the estate of Cutter, deceased; alleged Cutter's
death, and that as executor the defendant took charge with-
out authority of the property of Cutter, which consisted of a
large sum of money, house and lot, and personal property.
Of course he does not allege the amount of money nor the
amount of personal property which he ought to have done in
so far as he could.   The plaintiff then proceeds to state that
Cutter employed him to take care of him, he being an invalid,
at an agreed compensation of $300; that he died without
paying him.   He also avers a demand on Wightman for pay
and a refusal.   We are quite unable to see why this does not
state a cause of action against an executor who is such by his

own wrongful acts. The complaint was demurred to for
want of facts sufficient to state a cause of action and also for
want of jurisdiction. We are quite clear the complaint stated
a cause of action and we know of no statute which bars the
remedy of the procedure. We have been referred to none by
the appellee, nor in a cursory examination of the statute have
we been able to find any. We shall therefore assume in the
absence of enlightenment that the action will lie because it
is supported by eminent authority: Williams on Executors,
vol. 1, chap. 5; Schouler's Executors & Administrators,
§ 187, *et seq.* We are unable to find any good reason on
which the judgment can be supported and it will therefore be
reversed and the case sent back for further proceedings not
inconsistent with this opinion.

*Reversed.*